Warren E. Platt (#154086)
wplatt@swlaw.com
Robert J. Gibson (#144974)
hgibson@swlaw.com
Alina Amarkarian (#245470)
aamarkarian@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California  92626-7689
714.427.7000
714.427.7799, fax

John M. Thomas (#266842)
John.Thomas@Bryancave.com
BRYAN CAVE L.L.P.
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
314-259-2214
314-552-8214, fax

Janet L. Conigliaro, *Pro Hac Vice*
Janet.Conigliaro@Leclairryan.com
LECLAIR RYAN
290 Town Center Drive, 4th Floor
Dearborn, Michigan 48126
313-583-5960
313-583-6960 Fax

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KERRY O'SHEA,** individually and on behalf of all others similarly situated, <br><br>                 Plaintiff, <br><br> vs. <br><br> **FORD MOTOR COMPANY, A Delaware Corporation** <br><br>                 Defendant. | Case No. 2:10-cv-07640-JHN-MANx <br> Case Assigned to the <br> Honorable Jacqueline H. Nguyen <br> Courtroom No. 790 Roybal <br><br> **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on March 11, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court, which generally shall govern the pretrial phase of this action, except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 1, 4, 7, 11, and 12 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," "Subject To Protective Order," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," "Subject To Protective Order," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," "Subject To Protective Order," or other designation(s) used by parties, does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be

filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## **TERMS OF PROTECTIVE ORDER**

1. **[OMITTED BY COURT]**

2. **General Definitions.**   For purposes of this Protective Order, the following terms have the following meanings:

   a. "Confidential Information" shall mean trade secrets or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G) that is contained in Protected Documents.

   b. "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential."

   c. "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

      d.   "Document" shall mean and include, without limitation, all written material, videotapes, and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise) defined as broadly as permitted under FRCP 34.

      e.   "Party" or "Parties" shall mean and include the parties to this litigation.

      f.   "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

      g.   "Protected Document" shall mean any document to be produced in this litigation which contains Confidential Information.

3.   **Designating Confidential Information.**

      a.   All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

      b.   The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice, on the Document, or, where a copy of the original Document is to be produced, on that copy.

      c.   Any Document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Protective Order shall only be used, shown or disclosed as provided in this Protective Order.

      d.   The burden of proving that a Protected Document contains Confidential Information is on the Designating Party. Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G).

e.  If a Party disagrees with the "Confidential" designation of any Protected Document, the party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the Designating Party shall move the Court to confirm the confidentiality designation or redaction. Any opposition to such motion shall be filed within ten (10) business days of the filing of such motion. In the event that a motion to confirm a confidentiality designation is made in a timely manner, the Document or information whose designation or redaction is objected to shall continue to be treated as "Confidential," as applicable, until the motion has been decided by the Court. In the event that a motion to confirm a confidentiality designation is denied, the Designating Party shall cause the confidentiality legend or redaction to be removed from such documents within ten (10) business days following entry of the Court's order.

4.  **Use and Disclosure of Protected Documents.**

a.  Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained as "Confidential" by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, only, subject to the limitations set forth herein. The persons or entities identified in Paragraph 4(b)**(ii)-(ix)** below, to whom Protected Documents are disclosed pursuant to this Protective Order, shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as "Confidential," shall take all necessary and prudent measures to maintain the confidentiality of all such materials or

1   information, and shall not disseminate such Protected Documents other than in
2   accordance with this Protective Order.

3         b.      Protected Documents shall be disclosed only to "Qualified
4   Persons."  Qualified Persons are limited to:

5       i. The Court **and its personnel**;
6       ii. The Parties to this litigation;
7       iii. Counsel of record in this litigation, as well as paralegals, technical,
8           administrative, and clerical employees working under the direct
9           supervision of such counsel;
10      iv. Experts and non-attorney consultants retained by the Parties for the
11          preparation or trial of this case, provided that no disclosure shall be
12          made to any expert or consultant who is currently employed by an
13          automobile manufacturer competitor of Ford;
14      v. A potential, anticipated or actual fact witness whom counsel for the
15          disclosing Party believes in good faith is likely to have knowledge
16          pertaining to the content of the Protected Documents to be disclosed;
17      vi. The author(s) or any recipient of the Document;
18      vii. Litigation support consultants and vendors who provide litigation
19          support services (*e.g.*, photocopying, electronic discovery,
20          videotaping, translating, preparing exhibits or demonstrations, etc.);
21      viii. any person expressly named and agreed to in writing by the Parties or
22          by further order of the Court; **and**
23      ix. **court reporters recording and/or transcribing deposition**
24          **testimony.**

25        c.      While the Parties may provide Protected Documents in
26  accordance with the provisions of this Protective Order in an electronic form, such
27  Documents may not be posted on any website or internet accessible document
28  repository that is accessible to anyone other than "Qualified Persons" listed above.

      d.      All persons described in Paragraph 4(b)**(ii)-(ix)** above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential Information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

      e.      Pursuant to Paragraph 4(b)(iv) above, for those persons designated as experts, each such expert shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Protective Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be Bound").

5.      Each Party's counsel shall retain each such executed Agreement to be Bound and shall keep a list identifying**:**  (a) all persons to whom Protected Documents have been disclosed; and (b) all Protected Documents disclosed to such persons.  Each such executed Agreement to be Bound shall not be made available to the Designating Party during the pendency of the litigation but shall only be available for an *in camera* inspection by the Court if good cause for review is demonstrated by the Designated Party.  However, each such executed Agreement to be Bound and list shall be submitted to counsel for the Designated Party at the termination of this litigation.

6.      **Designation of Deposition Testimony.**

      a.      Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "Confidential," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after receipt of the transcript.

      b.      When a Protected Document or information obtained therefrom is designated as "Confidential" in a deposition transcript, the counsel

making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "Confidential" in the transcript.

   c.   To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such Documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

   d.   Any court reporter or transcriber who reports or transcribes **deposition** testimony in this action shall agree that all Confidential Information designated as such under this Protective Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

7.   **Filing Under Seal.**

   a.   **If any party seeks to file or lodge with the Court any portion of any Protected Document or information taken from any Protected Document, such material shall be submitted to the Court with an application to file under seal in accordance with this Court's Civil Local Rule 79-5.1.**

   b.   Within ninety (90) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any Documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any Documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

//
//

8. **Inadvertent Production.**

Inadvertent or unintentional production of Documents or information containing information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's assertion of privilege or immunity. If a receiving Party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

9. **Right to Use Own Information.**

Nothing in this Protective Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and Documents

10. **Subpoena or Order.**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.

//

11. **Modification.**

This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties **or pursuant to further Court Order**. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

12. **Duration.**

a. After termination of this litigation, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties for enforcement of the provisions of this Protective Order following termination of this litigation.

b. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

Dated: April 7, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KERRY O'SHEA,** individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>**FORD MOTOR COMPANY, A Delaware Corporation**<br><br>　　　　　　　　Defendant.<br>_____ | **Case No. 2:10-cv-07640-JHN-MANx**<br>Case Assigned to the<br>Honorable Jacqueline H. Nguyen<br>Courtroom No. 790 Roybal<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the

United States District Court for the Central District of California, in which the action *Kerry O'Shea, on behalf of himself and all others, similarly situated, vs. Ford Motor Company*, et al., Case No. CV 10-07640-JHN(MANx), is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Protective Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, \_\_\_\_\_.

_____
**AFFIANT**

SUBSCRIBED AND SWORN to before me this \_\_\_ day of _____, \_\_\_\_.

_____
NOTARY PUBLIC

Name:_____

No.:_____

My Commission Expires: _____